UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.        Case No: 2:15-cv-212-FtM-38CM

MAURA LOMGHI,

    Defendant.
_____/

# ORDER[1]

This matter comes before the Court on Plaintiff United States' Motion for Entry of Default Judgment (Doc. #10) filed on June 18, 2015. This matter is ripe for review.

## Background

Plaintiff United States filed a complaint against Defendant Maura Lomghi on April 1, 2015. (Doc. #1). According to the complaint, the United States is owed a debt of $37,857.55, including pre-judgment interests that accrues at a rate of 8.25 percent per annum or $5.35 per day. (Doc. #1, at 2). Despite a demand, Lomghi refused to pay the debt. (Doc. #1, at 2).

Attached to the complaint is a certificate of indebtedness. (Doc. #1-1). This certificate explains, on June 18, 1999, Lomghi borrowed and executed a promissory note to secure a direct consolidation loan from the U.S. Department of Education pursuant to

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

the William D. Ford Federal District Loan Program of the Higher Education Act of 1965. (Doc. #1-1). On July 6, 1999, the loan was dispersed to Lomghi with an interest rate of 8.25 percent. (Doc. #1-1). Then, on October 10, 2008, Lomghi defaulted on the loan. (Doc. #1-1). Lomghi owes an outstanding balance on the debt. (Doc. #1-1).

The United States properly served Lomghi on April 14, 2015. (Doc. #6). Lomghi failed to timely respond to the complaint. See Fed.R.Civ.P. 12(a)(1)(A)(i). Then, the United States moved for an entry of clerk's default, (Doc. #7), and the Court granted the request, (Doc. #8). To date, Lomghi has failed to answer, respond, or otherwise make an appearance in this case. Now, the United States seeks an entry of default judgment.

### Standard

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b). ABS-SOS Plus Partners Ltd. v. Vein Assocs. of Am., Inc., No. 6:08-cv-1409-Orl-31DAB, 2008 WL 5191701, at *1 (M.D. Fla. Dec. 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003)). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. Nike, Inc. v. Austin, 2009 WL 3535500, at *1 (M.D. Fla. Oct. 28, 2009) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.")). Therefore, in considering a motion for default judgment, a court must "'examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to' a default judgment." Nike, Inc., 2009 WL 3535500, at *1 (citing Fid. & Deposit Co. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1988)). Moreover, it is

well understood that "a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also Fed.R.Civ.P. 55(b); Patray v. Nw. Publ'g, Inc., 931 F. Supp. 865, 869 (S.D. Ga. 1996). A plaintiff must establish the amount is reasonable under the circumstances. Patray, 931 F. Supp. at 869.

## Discussion

Upon review of the complaint and the attached certificate of indebtedness, the Court is satisfied the United States has set forth a cause of action for an unpaid student loan action, complete with amount of damages sought and rate of interest accruing. Since the allegations are well-plead, Lomghi is liable for the unpaid student loan. See Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999) ("The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact. Liability, if well-pleaded, is established by virtue of a default.") (citing Buchanen v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)).

Turning to damages, based on review of the attachments provided to the instant motion, the Court is satisfied Lomghi owes the United States $38,263.19, as of May 28, 2015. (Doc. #10-2). See generally United States v. Lund, No. 6:09-cv-1138-Orl-31DAB, 2009 WL 3818201, at *1 (M.D. Fla. Nov. 16, 2009) (granting damages in similar case). This amount reflects an outstanding principal in the amount of $23,694.97 and interest in the amount of $14,568.22, as of May 28, 2015. (Doc. #10-2). This amount accrues at an interest rate of 8.25 percent per annum or $5.35 per day up to the date of judgment. (Doc. #10-2). After judgment is entered, interest accrues at a rate pursuant to 28 U.S.C. § 1961.

Additionally, the United States seeks attorney's fees and costs pursuant to 20 U.S.C. § 1091. Section 1091 allows the United States to collect reasonable costs and attorney's fees from a defaulted borrower. See United States v. Pizano, No. 8:15-CV-284-T-EAK-TBM, 2015 WL 2449591, at *2 (M.D. Fla. May 21, 2015) (explaining 20 U.S.C. § 1091 and 34 C.F.R. § 30.60 allows the Government to charge a debtor for the costs associated with the collection of a debt, including attorney's fees.). Also, upon review of the promissory note, specifically a section called "Late Charges and Collection Costs," Lomghi agreed to "pay reasonable collection fees and costs, plus court costs and attorney's fees associated with collection of the debt." (See Doc. #10-5, at 2). In light of this promissory note provision and Section 1091, the Court finds the United States is entitled to attorney's fees and costs. See generally id. (awarding attorney's fees and costs pursuant to same statute provision); United States v. Hennigan, No. 6:13-cv-1609-Orl-31DAB, 2015 WL 2084729 (M.D. Fla. Apr. 30, 2015) (awarding attorney's fees pursuant to promissory note provision). Here, the United States seeks $980.00 in attorney's fees. This amount reflects 4.9 hours of work at a rate of $200.00 per hour. The Court finds this amount is reasonable and due to be granted. The United States seeks costs in the amount of $40.00 for service and travel pursuant to 28 U.S.C. § 1921. (See Doc. #10-4). The Court finds this amount is reasonable and due to be granted.

Accordingly, it is now

**ORDERED:**

1. Plaintiff United States' Motion for Entry of Default Judgment (Doc. #10) is **GRANTED**.

2. The Court awards Plaintiff United States **$38,263.19**; plus interest at the rate of 8.25 percent per annum from May 28, 2015 to date of judgment; and post judgment interest at the legal rate pursuant to 28 U.S.C. § 1961.

3. The Court also awards Plaintiff United States **$980.00** in attorney's fees and **$40.00** in costs.

4. The Clerk is directed to close the case and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of July, 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record